Filed 6/26/26  P. v. Emmons CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E087241 |
| v. | (Super.Ct.No. FESW2501479) |
| RICHARD DAVID EMMONS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Richard David Emmons appeals from the judgment entered against him by the Riverside County Superior Court.  We will affirm.

**BACKGROUND**

In October 2024, defendant was employed as a live-in caretaker by a man (the patient) who suffers from Amyotrophic lateral sclerosis, commonly known as Lou Gehrig's disease.  The patient has required a ventilator to breath since February 2022.  That device forces air into the patient's trachea through a hose or tube that is connected to a tracheostomy (incision) in his neck.  Defendant knew the patient would die without the assistance of the ventilator, which was equipped with a very loud alarm that sounded if the patient's respiratory rate fell below or went above certain set levels.

Beginning in November 2024, defendant began expressing dissatisfaction with his employment and making threats to quit.  In January 2025, defendant disconnected the patient's ventilator tube.  Another of the patient's caretakers came into the house, heard the ventilator's alarm, and rushed to defendant's bedroom.  When she opened the bedroom door, she saw defendant holding the ventilator tube.  Defendant did not say anything but he dropped the tube and ran out of the room.

The patient estimated that he had no oxygen for 30 to 60 seconds, which he said felt like "forever," but the ventilator's record indicated the alarm had been sounding for around three minutes (from 4:30 p.m. to 4:33 p.m.).  While the air tube was disconnected from the ventilator, the patient's vision was going blurry and he felt like his head was being crushed.  Defendant did not attempt to reconnect the tube.

2

A jury convicted defendant of dependent abuse under conditions likely to produce great bodily injury (count 2) and assault with force likely to produce great bodily injury (count 3) in violation of Penal Code sections 368, subdivision (b)(1), and 245, subdivision (a)(4), respectively.

The trial court denied defendant's *Romero* motion to strike his two prior strikes.[1] It sentenced defendant to eight years on count 3 (the upper term of four years, doubled on account of the strike) and stayed pursuant to section 654 a six-year term for count 2 (the mid-term of three years doubled on account of the strike), for a total commitment of eight years. The trial court also issued a criminal protective order forbidding defendant from contacting or coming within 100 yards from the patient's home, workplace, and vehicle. Defendant appealed and we appointed counsel to represent him.

## DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel notes that we are required to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 440–442.

The brief lists the issues counsel considered: (i) whether the trial court abused its discretion when it found the patient was not available to testify in person and admitted the prior conditional examination of the patient; (ii) whether the trial court abused its

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

discretion when it denied defendant's *Romero* motion; (iii) whether the trial court abused its discretion when it imposed the upper term of four years on count 3.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, 119 we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

RAPHAEL
J.

LEE
J.

4